NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID E. NILES,

        Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA;
NICHOLAS W. BROWN[*],

        Defendants - Appellees.

No. 25-63

D.C. No.
3:24-cv-05597-MJP

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted March 3, 2026
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

David Niles presents Second Amendment challenges to three statutes: the

Washington law that directs courts to prohibit firearm possession upon entry of a

qualifying protection order, Wash. Rev. Code § 9.41.800; the Washington law that

---

[*] Nicholas W. Brown is substituted in for Robert Ferguson in his official capacity as Attorney General of Washington. *See* Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

criminalizes firearm possession by individuals subject to a qualifying protection order, Wash. Rev. Code § 9.41.040(2)(a)(ii); and the latter law's federal counterpart, 18 U.S.C. § 922(g)(8). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

We review de novo the district court's grant of a motion to dismiss. *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025). Our de novo review includes jurisdictional questions related to the *Rooker-Feldman* doctrine, *Cogan v. Trabucco*, 114 F.4th 1054, 1060 (9th Cir. 2024), and ripeness, *Stockton v. Brown*, 152 F.4th 1124, 1135 (9th Cir. 2025).

Because the complaint does not ask a federal court to overturn a state-court judgment, the district court erred in barring Niles's complaint under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers . . . inviting district court review and rejection of [state-court] judgments"). Niles challenges the lawfulness of Washington's statutes as implemented in the protection order rather than the protection order itself. *See id.* at 293 ("If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is

jurisdiction and state law determines whether the defendant prevails under principles of preclusion." (citation modified)); *Miroth v. County of Trinity*, 136 F.4th 1141, 1156 (9th Cir. 2025) (noting that even if a lawsuit "might imply the invalidity of the state court's judgment," that "does not mean that *Rooker-Feldman* applies"); *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004) (holding that *Rooker-Feldman* does not bar a challenge to the "continued enforcement" of a statute "by an adverse party" (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003))).  And regarding the challenge to section 922(g)(8), the United States agrees with Niles that *Rooker-Feldman* does not apply.

Ripeness also does not bar Niles's challenges.  Niles's claims arise from purported violations of his Second Amendment rights, which do not require demonstration of "some special need" before he can invoke them.  *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 70 (2022).  Niles alleges that the statutes he challenges currently prohibit him from possessing a firearm. Because Niles sufficiently alleges an injury in fact, constitutional ripeness is satisfied, and prudential ripeness considerations also lead us to conclude that Niles's claims are ripe.  *See Stavrianoudakis v. U.S. Fish & Wildlife Serv.*, 108 F.4th 1128, 1139 (9th Cir. 2024) (setting forth the considerations for evaluating ripeness).

We remand to the district court to resolve Niles's Second Amendment

challenges as well as to consider any other objections to Niles's suit that could be interposed, including issue preclusion.

**REVERSED AND REMANDED.**